UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TSILIA NIKCHEMNY,

                           Plaintiff,                           **MEMORANDUM & ORDER**

                -against-                                       1:16-CV-00407 (NGG) (CLP)

ALLSTATE INSURANCE COMPANY,

                           Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Tsilia Nikchemny ("Plaintiff") brought this breach of contract action against Defendant Allstate Insurance Company ("Defendant") based on a denied insurance claim related to damage her property, located at 105 Oceana Dr. East, Brooklyn, NY (the "Brighton Beach property"), sustained on October 29, 2012. (Compl. (Not. of Removal Ex. A (Dkt. 11)) ¶¶ 7, 11.) On June 6, 2016, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules") on the grounds that Plaintiff's sole claim is time-barred. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss the Compl. ("Def.'s Mot. to Dismiss") (Dkt. 11-1) at 5-8.) For the reasons set forth below, Defendant's motion is GRANTED and Plaintiff's claim is DISMISSED WITH PREJUDICE.

I.     BACKGROUND

    A.    **Facts Alleged**

Plaintiff alleges that her Brighton Beach property suffered a "covered loss ... on or about October 29, 2012." (Compl. ¶ 11.) The subject property was insured by Defendant under a policy issued to David and Tsilia Nikchemny (the "Policy") which was in effect from January 10, 2012, to January 10, 2013. (Compl. ¶ 8.) After Defendant "was given notice of the

1

loss, inspected and estimated the damage, [and] was shown post loss photographs," Defendant denied Plaintiff's insurance claim on January 30, 2013. (Compl. ¶¶ 18-19.)

The Policy contained the following provision designed to limit the conditions under which Plaintiff could bring legal claims against Defendant:

**Suit Against Us**
No suit or action may be brought against us unless there has been full compliance with all policy terms. Any suit or action must be brought within two years after the inception of loss or damage.

(Ex. A ("Policy") (Def's Mot. to Dismiss (Dkt. 11-3)) at 18, ¶ 12.)

Plaintiff contends that this two year statute of limitations does not apply, or, alternatively, that the two year statute of limitations did not begin to run until the date Defendant denied Plaintiff's insurance claim, January 30, 2013. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Mem. in Opp'n) (Dkt. 11-5) at 4-6.) Defendant argues that the two year statute of limitations does apply and that the limitations period began to run on the date the Brighton Beach property was damaged, October 29, 2012.[1] (Def.'s Mot. to Dismiss at 5-8.)

B. Procedural History

On January 11, 2016, Plaintiff commenced this action by filing a Complaint in the Supreme Court of the State of New York, County of Kings, alleging a single breach of contract cause of action arising from Defendant's denial of her insurance claim. (Compl. ¶¶ 17, 27.) Defendant removed the action to this court on January 26, 2016, on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1). (Not. of Removal (Dkt. 1) ¶ 3.)

On June 6, 2016, Defendant moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules alleging that Plaintiff's claim is time-barred because Plaintiff failed to file the claim within two years of the date that the Brighton Beach property was damaged. (Def.'s Mot.

---

[1] The parties do not dispute that the Brighton Beach property was damaged on this date.

2

to Dismiss at 6-8.) Plaintiff filed an opposition brief to Defendant's motion to dismiss on July 15, 2016. (Pl.'s Mem. in Opp'n.) Defendant filed a reply memorandum in support of its position on July 22, 2016. (Reply Mem. of Law in Supp. of Def.'s Mot. to Dismiss (Dkt 11-8).)

## II. DISCUSSION

### A. Legal Standard

"An argument that the statute of limitations bars a claim is properly raised in a motion to dismiss under Rule 12(b)(6)." Vasconcellos v. City of N.Y., No. 12-CV-8445 (CM), 2014 WL 4961441, at *2 (S.D.N.Y. 2014) (citing Adams v. Crystal City Marriott Hotel, No. 02-CV-10258 (PKL), 2004 WL 744489, at *2–3 (S.D.N.Y. 2004); Harriman v. IRS, 233 F. Supp. 2d 451, 455 (E.D.N.Y. 2002)); see also Bastien v. Samuels, No. 14-CV-1561 (JFB) (AKT), 2014 WL 5306016, at *3 (E.D.N.Y. 2014) ("Although the statute of limitations is an affirmative defense, it 'may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) without resort to summary judgment procedure, if the defense appears on the face of the complaint.'" (quoting Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998))). This principle is significant "because the [c]ourt may only consider the complaint and documents attached thereto or incorporated by reference when deciding a motion to dismiss pursuant to Rule 12(b)(6)." Harriman, 233 F. Supp. 2d at 455. In reviewing a complaint, the court must accept as true all allegations of fact and draw all reasonable inferences from these allegations in favor of the plaintiff. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

### B. Statute of Limitations Period

The parties dispute whether the contractual statute of limitations contained in the Policy applies to this action. (Pl.'s Mem. in Opp'n at 6; Def.'s Mot. to Dismiss at 6-8.) If the provision does apply, the parties also disagree as to when the statute of limitations began running. (Pl.'s Mem. in Opp'n at 3-6; Def.'s Mot. to Dismiss at 7-8.)

3

1. <u>Applicability of Contractual Limitations Period</u>

Defendant is correct that the contractual statute of limitations provision applies to this action. The default rule in New York is that an action for breach of contract must be commenced within six years of the breach. N.Y. C.P.L.R. § 203(2). However, parties may contract to a shorter statute of limitations as long as the shortened term is "prescribed by written agreement." N.Y. C.P.L.R. § 201; <u>John J. Kassner & Co. v. City of N.Y.</u>, 46 N.Y.2d 544, 551 (1979). Although these prescriptions are unenforceable when they provide for limitations periods which are unreasonably short, New York courts have consistently enforced provisions prescribing two year, and even one year, statutes of limitations in breach of contract actions. See <u>Pfeffer v. Harleysville Group, Inc.</u>, No. 10-CV-1619 (ALC), 2011 WL 6132693 at *7 (E.D.N.Y. 2011) ("New York courts have upheld a two-year statute of limitations period for insurance contracts.") (citing <u>Snyder v. Allstate Ins. Co.</u>, 70 A.D.3d 690, 671 (N.Y. App. Div. 2010); <u>Minichello v. Northern Assur. Co. of Am.</u>, 304 A.D.2d 731, 732 (N.Y. App. Div. 2003); <u>Varga v. Liberty Mut. Ins. Co.</u>, 157 A.D.2d 1007 (N.Y. App. Div. 1990)); <u>see</u> also <u>Gilbert Frank Corp. v. Federal Ins. Co.</u>, 520 N.E.2d 512 (N.Y. 1988) (granting summary judgment based on twelve month statute of limitations provision in insurance contract); <u>Blitman Constr. Corp. v. Ins. Co. of N. Am.</u>, 489 N.E.2d 236, 237 (N.Y. 1985) ("Plaintiff does not, as indeed it could not, suggest that the 12-month limitation period of the policy is invalid.").

Here, the unambiguous terms of the Policy provide that, "[a]ny suit or action must be brought within two years after the inception of loss or damage." (Policy at 18, ¶ 12.) Plaintiff does not allege any defect that would render the prescribed statute of limitations void or unenforceable. Therefore, this provision is plainly enforceable and a two year statute of limitations applies to this action. As detailed below, the parties dispute the date on which the statute of limitations began to accrue; however, under either of their positions this action falls

outside of the two year statute of limitations. As a result, Defendant's motion to dismiss must be granted.

### 2. Statute of Limitations Accrual

Next, the parties disagree as to when the statute of limitations began running. Plaintiff argues that the clock did not start until her insurance claim was denied on January 30, 2013. (Pl.'s Mem. in Opp'n at 3-6.) Defendant disagrees, arguing that the limitations period commenced when the event that gave rise to the insurance claim, the flooding, caused physical damage to the property on October 29, 2012. (Def.'s Mot. to Dismiss at 7-8.) Under both dates the present action, filed on January 11, 2016, falls outside the two year period of limitations. However, Defendant's position as to accrual is correct.

New York courts have consistently held that where there is generic language in a contractual limitations period provision, the statute of limitations begins running on the date that the legal claim accrues—in insurances cases, at the denial of the insurance claim. Fabozzi v. Lexington Ins. Co., 601 F.3d 88, 91 (2d Cir. 2010) (citing Steen v. Niagara Fire Ins. Co., 89 N.Y. 315, 322-23 (1882); Marguiles v. Quaker City. Fire & Marine Ins. Co., 97 N.Y.S.2d 100, 103-04 (1950)). However, the use of specific terms of art can upset this default rule and fix the statute of limitations at the date of the insured injury. "After the inception of the loss" is one such term of art. Fabozzi, 601 F.3d at 91; see also Proc v. Home Ins. Co., 217 N.E.2d 136, 138 (N.Y. 1966) (holding that the language "within twelve months next after inception of the loss" means the statute of limitations ran from the date of the fire).

The Policy requires that suit be brought within two years "after the <u>inception</u> of loss or damage." (Policy at 18, ¶ 12 (emphasis added).) Because this clause contains the exact term of art that New York courts have consistently held to commence limitations periods at the date of

5

the insured injury, the court holds that the limitations period began running not when Plaintiff's insurance claim was denied, but rather when her property was damaged by the flood waters.

Plaintiff contends that the "loss or damage" language contained in the Policy is ambiguous because it attempts to fix the point at which the statute of limitations begins running at two different dates, the date of the "loss" and the date of the "damage." (Pl.'s Mem. in Opp'n at 3-4.) This position finds no support in law and New York courts have consistently interpreted contracts containing "loss or damage" language to refer to only one date. Pfeffer, 2011 WL 6132693 at *7 (holding that "within two years after the date on which the direct physical loss or damage" fixes accrual date at date of the insured loss); Myers, 647 N.E.2d 1348 (N.Y. 1995) (calculating the limitations period from the date of the insured loss under insurance policy containing identical language).

Finally, Plaintiff argues that Defendant's position is unreasonable because it would allow insurers to delay review of insurance claims until the statute of limitations had run on any potential claims. (Pl.'s Mem. in Opp'n at 2-3.) This policy argument is unavailing due to the longstanding practice in New York of allowing parties to contractually change the date at which the limitations period begins to run from the date a legal claim accrues to the date of the insured injury. See e.g., Fabozzi, 601 F.3d at 91-92. In any event, "[i]f conduct or action on the part of the insurer is responsible for the insured's failure to comply in time with conditions precedent, injustice is avoided and adequate relief insured ... by resort to traditional principles of waiver and estoppel." Proc, 217 N.E.2d at 139. Plaintiff has not argued that Defendant is responsible for her delay in bringing this action.[2] Pfeffer, 2011 WL 6132693 at *7 ("When a defendant meets its initial burden of establishing, prima facie, that the two-year limitations period found in

---

[2] Nor, indeed, could Plaintiff, as Defendant denied Plaintiff's insurance claim only three months after the flooding occurred. (Pl.'s Mem. in Opp'n at 1-2.)

6

the insurance policy expired before the commencement of the action, the burden then shifts to the plaintiff to establish that an exception to the limitation period applies."). Accordingly, the court finds no basis to apply the principles of waiver or estoppel.

## III. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is GRANTED as the statute of limitations has run on Plaintiff's lone claim. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 14, 2016

NICHOLAS G. GARAUFIS
United States District Judge